UNITED STATES of America,
Plaintiff-Appellee,

v.

Norman L. ORDONEAUX,
Defendant-Appellant.

No. 74–2987.

United States Court of Appeals,
Fifth Circuit.

April 28, 1975.

Rehearing Denied Aug. 22, 1975.

Camille F. Gravel, Jr., Richard V. Burnes, Alexandria, La., for defendant-appellant.

Donald E. Walter, U. S. Atty., R. Perry Pringle, Asst. U. S. Atty., Joseph S. Cage, Jr., Shreveport, La., for plaintiff-appellee.

Before WISDOM and DYER, Circuit Judges, and KRAFT *, District Judge.

C. WILLIAM KRAFT, Jr., District Judge.

Norman L. Ordoneaux (appellant) was charged in a single indictment, with three counts of tax evasion[1] and three counts of using the mail to defraud.[2] On appellant's motion the tax evasion count

---

* Senior District Judge of the Eastern District of Pennsylvania, sitting by designation.

1. 26 U.S.C. § 7201.

2. 18 U.S.C. § 1341.

were severed for trial from the mail fraud charges. He was first tried and adjudged guilty on Counts· 1, 2 and 3, which charged evasion of income taxes for the calendar years 1968, 1969 and 1970, respectively. Twelve days later he was tried and adjudged guilty of the mail fraud charges on Counts 4, 5 and 6. He was sentenced upon each of the six counts to imprisonment for three years, the terms to run concurrently. On each of Counts 1, 2 and 3 he was also sentenced to pay a fine of $3,000, a total of $9,000.

■ Appellant challenges his conviction on the tax evasion charges upon the ground that the government failed to produce, before or during the trial, an envelope the postmark date on which would have contradicted the stated recollection of a material government witness and, so, impeached his credibility. Appellant concedes that the government's omission was inadvertent rather than deliberate, but urges, nonetheless, that the omission reached the constitutional dimension of a denial of due process. We disagree.

Appellant's contention essentially relates to Count 2, the charge of tax evasion for the calendar year 1969. Edsel Broussard, the owner of Lee's Insurance Agency and a government witness, testified he received a check, dated June 17, 1969, payable to his agency and issued by the Bushnell Agency. He testified he held the check for approximately a week after its receipt before he turned it over to Lee Molezun, the former owner of Lee's Agency, who endorsed and retained the check. Other evidence disclosed that Molezun cashed the check, retained $500 and turned $4,500 over to appellant.

The envelope which was not produced by the government bore a June 17, 1969 postmark and was the envelope in which the check had been mailed by the Bushnell Agency. We fail to see how production of this envelope could show more than the fact of and the date of its mailing. Clearly it was insufficient to contradict Broussard on the question of how long he kept the check before giving it to Molezun. Moreover, John Reed of the Bushnell Agency testified the check was mailed on the date it bore. The Bushnell Agency ledger confirmed the date of issue of the check. Appellant admitted receipt of $4,500 of the proceeds of the check. If appellant desired to attack the credibility of Broussard or to assail the reliability of his recollection on the score appellant now urges, real opportunity to do so was afforded by the check itself, which was in evidence. The reverse side of the check unmistakenly established that it was cashed on June 18, 1969, one day after its date.

■ We adhere to our statement in Williams v. Dutton (5 Cir. 1968), 400 F.2d 797, 800, that the government has an affirmative duty

". . . (t)o produce at the appropriate time requested evidence which is materially favorable to the accused either as direct or impeaching evidence."

The government did not breach that duty here and the judgments on Counts 1, 2 and 3 are affirmed.

■ Since the sentences imposed on Counts 4, 5 and 6 are concurrent with each other as well as with those imposed on the counts which we have reviewed and upon which we have affirmed appellant's conviction, we decline to review appellant's conviction on Counts 4, 5 and 6, envisioning no significant adverse consequences to appellant from our election to apply the concurrent sentence rule.[3]

3. Hirabayashi v. United States, 320 U.S. 81, 63 S.Ct. 1375, 87 L.Ed. 1774 (1942); Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969); United States v. Easterly (5 Cir. 1971), 444 F.2d 1236; United States v. Stone (5 Cir. 1973), 472 F.2d 909.